## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **DEREK DEDE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No.  1:07-cv-344-MEF-SRW** |
| | ) |
| **BEN MOATES, ET. AL,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT(S)' ANSWER

COME NOW the former Coffee County Jail Administrator Zack Ennis, and the former Coffee County Sheriff, Ben Moates,[1] to the extent that the Plaintiff's Amended Complaint states a claim against him, Defendants in the above-styled cause, and answer the Plaintiff's Amended Complaint as follows:

## Answer

The Defendants in this action deny each and every allegation made by the Plaintiff, Derek Dede, and demand strict proof thereof.  The Defendants deny that they acted, or caused anyone to act, in such a manner so as to deprive the Plaintiff of his constitutional rights.

## Affirmative Defenses

1.      The Plaintiff's Amended Complaint, separately and severally, fails to state a claim upon which relief may be granted.

2.      The Defendant(s) in this action, in their individual capacities, are entitled to qualified immunity from the Plaintiff's federal claims.

---

[1] Although the Amended Complaint states that Ben Moates is "not included as a defendant," (Doc. 5, p. 1.), he has been served with a copy of the Amended Complaint (Doc. 8.), and Plaintiff has alleged in his Amended Complaint that Ben Moates violated Plaintiff's constitutional rights.  Ben Moates is treated as a Defendant for purposes of this Answer only to the extent that the Amended Complaint states a claim against him.

3.      The Defendant(s) in this action, in both their individual and official capacities, are entitled to absolute immunity from the Plaintiff's state law claims.

4.      The Defendant(s) in this matter, in their official capacities, are entitled to absolute immunity from the Plaintiff's claims pursuant to the Eleventh Amendment to the United States Constitution.

5.      The Defendant(s) in their official capacities are not "persons" under 42 U.S.C. § 1983.

6.      The Plaintiff fails to allege any affirmative causal link between the alleged acts of the Defendant(s) and any alleged constitutional deprivation or the direct participation of the Defendant(s) in any alleged constitutional violation.

7.      The Defendant(s) are not liable based upon *respondeat superior* theories of liability.

8.      The Defendant(s) reserve the right to supplement this Answer by adding additional affirmative defenses as the facts of this case are developed and if discovery is ordered by the Court.

Respectfully submitted this 2nd day of July, 2007.

**s/Joseph L. Hubbard, Jr.**
GARY L. WILLFORD, JR., Bar Number: WIL198
JOSEPH L. HUBBARD, JR., Bar Number HUB015
Attorneys for Defendants
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  jhubbard@webbeley.com

2

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of July, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

> Derek Dede
> Coffee County Jail
> Complex #4
> New Brockton, Alabama, 36351

> **s/Joseph L. Hubbard, Jr.**
> OF COUNSEL