IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DEREK DEDE, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.:1:07-CV-344 |
| BEN MOATES, et. al, | ) |
| Defendant. | ) |

## MOTION OF THE STATE BOARD OF HEALTH TO QUASH DEFENDANTS' SUBPOENA

Comes now the State Board of Health and moves this Honorable Court to quash the subpoena issued at the instance of the Defendants. As grounds therefore, the Petitioner states:

1. The Defendant in the above-stated action issued a subpoena to the Alabama Department of Public Health ordering the custodian of records to appear and bring the following:

> "Any and all charts and medical records, including prescriptions, doctors' notes, nurses' notes, operative notes, discharge summaries, consulting physicians' correspondence, consultation reports, office notes or memoranda, hospital medical bills, reports to insurance companies, x-ray reports or other diagnostic reports, correspondence to or from attorneys or other physicians, or any other written material contained in your file or in your possession regarding the care and treatment of Derek Dede..."

> "Any and all reports, records, correspondence, and/or other documents relating to any investigation, treatment, and/or sources provided to the Coffee County, Alabama Jail related to Tuberculosis between January 1, 2005 and present." *See* Exh. A

2. Pursuant to Alabama Code Section 22-11A-1, the State Board of Health has designated a number of conditions, including Tuberculosis, as notifiable diseases and health conditions. *See* Alabama Administrative Code § 420-4-1. In general, the release or introduction into evidence of notifiable disease reports prepared by physicians for the Department of Public Health is strictly prohibited pursuant to Alabama Code Section 22-11A-2, which

provides in pertinent part:

> "Each physician ... shall be responsible to report cases or suspected cases of notifiable diseases and health conditions. The report shall contain such information, and be delivered in such a manner, as may be provided for from time to time by the rules of the State Board of Health. **All medical and statistical information and reports required by this article shall be confidential and shall not be subject to the inspection, subpoena, or admission into evidence in any court**, except proceedings brought under this article to compel the examination, testing, commitment or quarantine of any person or upon the written consent of the patient, or if the patient is a minor, his parent or legal guardian."

3. Furthermore, under Alabama Code Section 22-11A-9, information contained in reports regarding cases of tuberculosis "shall be confidential and shall not be subject to public inspection, subpoena, or admission into evidence." Ala. Code 1975 §22-11A-9.

4. Limited exceptions to the release of these records are found in Alabama Code Sections 22-11A-9 and 22-11A-38. Records concerning tuberculosis are only subject to subpoena in proceedings brought to compel the examination, treatment, commitment, or quarantine, or where the patient gives his or her written consent. Ala. Code 1975 §22-11A-9. Limited information regarding a diagnosis of Human Immunodeficiency Virus (HIV) may be released in certain grand jury proceedings or criminal trials. Ala. Code 1975 §22-11A-38.

5. Defendants have expressly requested information regarding the presence or absence of notifiable diseases and health conditions, including tuberculosis. On the facts presented by Defendants, the limited exceptions described herein do not apply. Therefore, the records requested by Defendants cannot be released pursuant to Alabama Code Sections 22-11A-2 and 22-11A-9, and the subpoena is due to be quashed by this Honorable Court.

Wherefore, these premises considered, the Alabama Department of Public Health respectfully requests an Order from the Court quashing the subpoena.

Respectfully submitted this the 2nd day of July, 2007.

_____
Samarria Y. Munnerlyn
Assistant General Counsel

ADDRESS OF COUNSEL:

Alabama Department of Public Health
201 Monroe Street, Suite 1540
Montgomery, AL 36104
334/206-5209

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel by placing a copy of such in the United States Mail, properly address and first class postage prepaid on this the 2nd day of July, 2007.

Joseph Hubbard, Jr.
Webb & Eley, P.C.
P O Box 240909
Montgomery, AL 36124

_____
Samarria Y. Munnerlyn

# EXHIBIT A

1. ANY AND ALL CHARTS AND MEDICAL RECORDS, INCLUDING PRESCRIPTIONS, DOCTORS' NOTES, NURSES' NOTES, OPERATIVE NOTES, DISCHARGE SUMMARIES, CONSULTING PHYSICIANS' CORRESPONDENCE, CONSULTATION REPORTS, OFFICE NOTES OR MEMORANDA, HOSPITAL RECORDS, MEDICAL BILLS, REPORTS TO INSURANCE COMPANIES, X-RAY REPORTS OR OTHER DIAGNOSTIC REPORTS, CORRESPONDENCE TO OR FROM ATTORNEYS OR OTHER PHYSICIANS, OR ANY OTHER WRITTEN MATERIAL CONTAINED IN YOUR FILE OR IN YOUR POSSESSION REGARDING THE CARE AND TREATMENT OF DEREK DEDE, SSN: 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, DOB: 08/17/1972.

2. ANY AND ALL REPORTS, RECORDS, CORRESPONDENCE, AND/OR OTHER DOCUMENTS RELATING TO ANY INVESTIGATION, TREATMENT, AND/OR SOURCES PROVIDED TO THE COFFEE COUNTY, ALABAMA JAIL RELATED TO TUBERCULOSIS BETWEEN JANUARY 1, 2005 AND PRESENT.

## HIPAA PRIVACY RULES' ASSURANCES

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act, ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

　　a.　We have made a good faith attempt to provide the Patient, via the United States Mail, with a copy of this Civil Subpoena.

　　b.　The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the Patient to raise an objection.

　　Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.